JOHN TAYLOR *vs.* LOUIS HORST.

Submitted on briefs Dec. 8, 1892.   Decided Jan. 11, 1893.

**An Exception in a Contract Construed.**

Upon the findings of fact it is *held* that the trial court erred in its conclusions of law.

Appeal by defendant, Louis Horst, administrator of the estate of Ann Singer, deceased, from an order of the District Court of Sibley County, *Cadwell,* J., made July 2, 1892, denying his motion for a new trial.

Ann Singer died intestate February 21, 1891, and on March 31, 1891, defendant, Louis Horst, was appointed administrator of her estate.   She and her husband, Alexander Singer, jointly owned a farm in Sibley county, which they sold March 4, 1886, to Henry Buck, for $3,400.   He paid them in cash $900 and assigned to them three notes made by E. E. Cosgrove; one for $1,000 and two for $750 each, bearing interest.   Of the cash paid down, Ann Singer received $775 and her husband $125.   She collected the note for $1,000 and interest, and one of the notes for $750 and interest.   She received of the purchase price $2,542.   Her husband collected the other note for $750 and interest.   He received of the purchase price only $889.   His wife owed him at her death $826.50, being one-half of the excess she had received more than he.   On July 28, 1891, the husband in consideration of $1,400 sold and assigned to Susan A. Reese and others, the heirs and next of kin of his wife, all his right, title and interest in the property and estate of his wife and in the estate of one Wm. Humphrey deceased, "save and except my claim in form of book accounts against the estate of said Ann Singer, deceased, which I hereby reserve."

He then had a small book containing memoranda and entries regarding his transactions in which were the following words and figures, viz.:

"Alex. and Anna
Sold the land to Henry Buck March 4th, 1886.

$125.00

John Cosgrove paid                           764.00

Jan. 6th, 1888."

He had no other book of accounts, and the above is the only entry relating to the claim against his wife. On August 22, 1891, he presented his claim of $826.50 in the Probate Court for allowance against the estate of his wife. It was disallowed by that court, and he appealed to the District Court. After taking the appeal he died intestate, and John Taylor was duly appointed administrator of his estate, and substituted as plaintiff in his stead. Pleadings were framed in the District Court, in which Taylor, as administrator of the husband, stated the facts above recited and demanded judgment against Horst, as administrator of the wife, for $826.50, payable out of her estate in the due course of administration. Horst answered that the husband had in his lifetime sold and assigned the claim to Susan A. Reese and others. This Taylor denied by reply. The issues were tried March 30, 1892, before the court without a jury. Findings were made that this entry in the small memorandum book was the "claim in form of book accounts against the estate of Ann Singer, deceased," which the husband excepted from the sale to Susan A. Reese and others, and judgment was ordered in favor of the husband's administrator as prayed in his complaint. The defendant, the wife's administrator, moved for a new trial, and being refused, he appeals.

*W. H. Leeman,* for appellant.

In view of the assignment to Susan A. Reese and others, which was in effect a release and settlement, made by Mr. Singer with the heirs of Mrs. Singer July 28, 1891, it became necessary for plaintiff to prove a cause of action in the form of a book account, as all other claims and demands had been sold or released to the heirs. For that purpose plaintiff offered a book claimed to contain an account. To the offer, defendant objected. The objection made should have

been sustained, as the book does not contain any charge against Ann Singer, or any charge whatever, and does not constitute a book account admissible in evidence under the statute.

*Ora J. Parker* and *F. C. Irwin*, for respondent.

The husband's administrator proved his claim without any reference to his book.   When the wife's administrator had introduced the assignment to Susan A. Reese and others, the husband's administrator introduced the book in evidence, and by it showed that the claim did actually, as a matter of fact, exist in the form of "book accounts" at the time of the execution of the assignment.   There is no dispute but that he had the account book, nor that the account was written therein, nor that it referred to and was this identical claim now in litigation.   It may not have been kept in due form of law, so as to be free from objection as competent testimony in case it had been offered to prove the account, but it was not offered or received by the court for that purpose.   The claim and account had already been proved, and the only object of the introduction of the book was to prove the existence therein of this claim in the form of a book account.   The entry might be incomplete, and as Mr. Singer was an ignorant man, and not a skilled accountant, it would probably lack the formalities found in books kept by professionals, but no one can read it and not see in a moment that it was an entry made in Mr. Singer's book by himself, for the purpose of aiding his memory as to what actually occurred.   The account as written by him records the sale of the land and the date thereof and the name of the purchaser, and the amount of money he received at the time of the sale.   Another entry dated nearly two years later shows the receipt of the money paid on the $750 note which he had.   The record and account are short and simple, but so was the transaction, and Mr. Singer did all he could to make a book account of it; he wrote it down in his account book, with dates and amounts.   There can be no question but that this was the account expressly excepted from the assignment and the one which Mr. Singer had in memory and contemplation when he made the assignment.

COLLINS, J. As the determination of this appeal can be made to turn upon the alleged error in the conclusions of law from the facts found, no other questions will be considered. The court found as a fact that on July 28, 1891, after the decease of Ann Singer, her surviving husband, Alexander Singer, who died pending an appeal from the probate to the district court of the matter now before us, executed and delivered the instrument set out in full in the findings. While the exception therein made is awkwardly phrased, its evident construction is that he there assigned, transferred, and set over for a money consideration to the heirs at law of his deceased wife all of his rights and interests in her estate, and released to them all claims which he had upon or against the same, save and except his claim or claims in the form of "book accounts," and these he expressly excepted and reserved.

We cannot affirm the conclusion of the court below that the entries found in the small book kept by Mr. Singer amounted to a book account, or as coming within the exception made in the instrument before mentioned, even if it could be held that this plaintiff is entitled to a most liberal construction of the words "book accounts," as therein used. And it is very obvious that without a history of the land transaction, as the same was related on the trial by the witness Buck, no one would have suspected that either of those entries, save the first, whereby the fact of the sale of land, the date, and the name of the purchaser, referred to the cause of action set out in the complaint, or that the dollar mark and the figures set down underneath that entry were connected with it, or that the statement in reference to a payment by Cosgrove, had any bearing upon the sale of land to Buck, or was associated in the most remote degree with the preceding entries. These entries were nothing but memoranda of certain transactions, kept, in all probability, as an aid to the memory of the person who made them. To be sure, they were in a book, but they failed to contain a single feature or essential of a book account with or against anybody, except, possibly, an item to the credit of Cosgrove. In law, the words "book account" have a well-settled meaning,—a detailed statement, kept in a book, in the nature of debit and credit, between persons, arising out of contract or some fiduciary re-

lation. See the law dictionaries. A less technical definition, given by the general lexicographers, is: An account or record of debit or credit, kept in a book. See Webst. Dict. But no definition is broad enough to include the only entries or record made by Mr. Singer as the court found the same to be. .

Order reversed.

(Opinion published 54 N. W. Rep. 734.)